UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BERONNE R. ELIACIN,

                          Plaintiff,

      v.                                               3:09-cv-438

BARBARA FIALA, et al.,

                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

### DECISION and ORDER

**I.**      **FACTS**

      According to the Complaint, Plaintiff is a fifty-one year old, married, black woman from Haiti. At all times relevant hereto, Plaintiff was an employee of the Willow Point Nursing Home, an entity operated by the County of Broome.

      On January 28, 2008, Steven E. Hackley from Broome County Security went to Plaintiff's house and demanded that she return the $5.00 gift certificate that she allegedly stole from a Willow Point resident. Plaintiff signed a statement denying the allegations. Plaintiff contends that "[i]n the past, white co-workers and nurses had discriminated against [her] similarly by making so many false statements that [she] was forced to complain to nursing coordinators, requesting to be reassigned." According to Plaintiff, she asked that Willow Point investigate who made the "anonymous and false allegations against [her]." Thereafter, Plaintiff's employment was terminated, purportedly for violating the "no call, no

show" policy. Plaintiff insists that she repeatedly called to explain her difficulty in working "in what [she] experienced was a psychologically intolerable environment." Plaintiff alleges that "Defendants, County of Broome and Willow Point Nursing Home, conspired against [her] wrongfully terminating [her] employment to avoid confronting its racially and ethnically biased disciplinary practices."

After filing a charge of discrimination with the EEOC, Plaintiff commenced the instant action against the County of Broome, Willow Point, Broome County Executive Barbara Fiala, and Willow Point Nursing Home Administrator Steven Reagan.

Presently before the Court is Defendants' motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12.

## II.   DISCUSSION

### a.   Claims Against the Individual Defendants

Defendants Barbara Fiala and Steven Reagan move to dismiss the claims against them on the ground that there is no individual liability under Title VII. Defendants are correct and, therefore, the Title VII claims must be dismissed as against Barbara Fiala and Steven Reagan. Tomka v. Seiler Corp., 66 F.3d 1295, 1314 (2d Cir. 1995). Moreover, inasmuch as the Complaint makes no mention of any personal involvement by Defendants Fiala or Reagan in her employment discrimination claim, the Complaint fails to state a claim against these individuals.

### b.   Remaining Claims

Defendants appear to take the position that only the above-mentioned individuals are defendants in this case. In her Complaint, however, Plaintiff appears to name the County of Broome and Willow Point Nursing Home. It is unclear whether the individual Defendants

were named and/or served in their individual or official capacities.  Given Plaintiff's *pro se* status, the Court will liberally interpret the Complaint to assert claims against the County of Broome and Willow Point Nursing Home.

Defendants have not moved to dismiss any claims against these entities. Defendants may file a new motion to dismiss the claims against these entities if they so choose.

### III.     CONCLUSION

For the foregoing reasons, the claims against Barbara Fiala and Steven Reagan in their individual capacities are DISMISSED WITH PREJUDICE.  In all other respects, Defendants motion is DENIED.  Defendants are granted leave to file a motion to dismiss concerning the claims against the County of Broome and Willow Point Nursing Home.

IT IS SO ORDERED.

Dated: October 30, 2009

Thomas J. McAvoy
Senior, U.S. District Judge