UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BERONNE R. ELIACIN,

Plaintiff,

v. 3:09-cv-00438

BARBARA FIALA, et al,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

Plaintiff moves for reconsideration of the Court's December 8, 2009 Decision & Order that granted in part Defendants' motion to dismiss.

> "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. September 19, 2000); Califano v. United States, 1998 WL 846779, at *1 (E.D.N.Y. September 4, 1998). "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998); see also Polanco, 2000 WL 1346726 at *1 (quoting Schrader, 70 F.2d at 256) (Reargument is not a vehicle to "advance new facts, issues

> or arguments not previously presented to the court."). The Northern District of New York "recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice." Nowacki, 2001 WL 175239, at *1 (quoting In re C-TC 9th Avenue Partnership, 183 B.R. 1, 3 (N.D.N.Y. 1995)).

U.S. v. Li, 2006 WL 2375475, at *1 (N.D.N.Y. 2006).

As an initial matter, it must be borne in mind that, because we are dealing with a motion pursuant to Rule 12, the Court is limited to the allegations in the Complaint. Accordingly, matters outside the pleadings have been disregarded.

Upon reviewing Plaintiffs'' motion, the Court finds that reconsideration is not warranted. In her motion for reconsideration, Plaintiff admits that she "cannot demonstrate a discriminatory motive for the allegation of the theft of a $5 gift certification" and that she "cannot prove that there was a discriminatory motive by Defendants 'in investigating the allegation.'" Pl.'s Reply at p. 2. Plaintiff claims that "Defendant's uncritical acceptance of the allegation by an unknown accuser was, in itself discriminatory." Id. Plaintiff's Complaint states that Plaintiff and all of her co-workers were investigated in connection with the incident. See Compl. at ¶ 6. Nothing about these allegations gives rise to an inference of unlawful discrimination. The allegations in the Complaint of a racially hostile work environment are conclusory and insufficient to state a claim.

Because Plaintiff's motion does not identify any intervening change in controlling law, new evidence not previously available, or the need to correct a clear error of law the motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:January 14, 2010

Thomas J. McAvoy
Senior, U.S. District Judge